**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD LOGAN and K.L., Minor,** | ) | |
| **by and through her Next Friend** | ) | |
| **Lashonda Logan,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:08CV85 LMB** |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court upon plaintiffs' Petition, originally filed in the Circuit Court of Cape Girardeau County, Missouri, alleging uninsured motorist claims. Currently pending before the court is Defendant State Farm's Motion to Strike. (Document Number 4). Also pending is Defendant State Farm's Partial Motion to Dismiss (Doc. No. 10), to which plaintiffs have filed a Memorandum in Opposition (Doc. No. 12) and Defendant State Farm has filed a Reply (Doc. No. 13).

In its Motion to Strike, Defendant State Farm requests that the court strike plaintiffs' prayer for attorney's fees in Counts I, II, III and IV of plaintiffs' Petition because the prayers for relief are without any statutory or contractual basis. Plaintiffs' request for attorney's fees is also the basis for Defendant State Farm's Partial Motion to Dismiss. Plaintiffs have filed a Memorandum in Opposition to Defendant State Farm's Partial Motion to Dismiss, in which plaintiffs contend that a contract exists between plaintiffs and Defendant State Farm that could call for attorney's fees. Defendant State Farm points out in its Reply that plaintiffs do not allege that the contract in fact provides for attorney's fees.

Federal Rule of Civil Procedure 12(f) provides as follows: "[t]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court is afforded broad discretion in ruling on a motion to strike. <u>Nationwide Ins. Co. v. Cent. Mo. Elect. Co-op.</u>, 278 F.3d 742, 748 (8th Cir. 2001).

In a diversity action such as this, state law governs the availability of attorney's fees where no conflicting federal statutes or court rule applies. <u>Burlington Northern R. Co. v. Farmers Union Oil Co.</u>, 207 F.3d 526, 534 (8th Cir. 2000). Missouri "follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees." <u>Washington Univ. v. Royal Crown Bottling Co.</u>, 801 S.W.2d 458, 468 (Mo. Ct. App. 1990). Nevertheless, a trial court may award attorney's fees under "special circumstances" or under "very unusual circumstances." <u>See id.</u> at 468-69.

In this case, plaintiffs do not allege that the contract with State Farm contains a provision permitting the recovery of attorney's fees. There is no evidence that this uninsured motorist action involves unusual circumstances to permit claims for attorney's fees. Thus, defendant's motion to strike will be granted.

Accordingly,


**IT IS HEREBY ORDERED** that Defendant State Farm's Motion to Strike (Doc. No. 4) be and it is **granted**.

**IT IS FURTHER ORDERED** that Defendant State Farm's Partial Motion to Dismiss (Doc. No. 10) be and it is **denied as moot**.

Dated this 18th day of February, 2009.


LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE